IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| PETER J. EDELMAYER, | : | Case No. 1:25-cv-233 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| ROPER TECHNOLOGIES, INC., et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER AND OPINION

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 15). Plaintiff filed a Response in Opposition (Doc. 16), to which Defendants filed a Reply in Support (Doc. 17). Thus, the matter is ripe for review. For the following reasons, Plaintiff's Amended Complaint (Doc. 12) is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; Defendants' Motion for Judgment on the Pleadings (Doc. 15) is **DENIED AS MOOT**.

## ALLEGED FACTS

Plaintiff Peter Edelmayer is a 59-year-old man who worked for Defendant ConstructConnect, Inc., a subsidiary of Defendant Roper Technologies, Inc. ("Roper"). (Am. Compl., Doc. 12, ¶¶ 11-13, 16.) Defendant Douglas Dockery is the Chief Technology Officer of ConstructConnect. (*Id.* at ¶ 14.) Plaintiff began working as a Manager of Infrastructure for ConstructConnect in January 2022. (*Id.* at ¶ 16.) The following year, in January 2023, Plaintiff warned the Vice President of Operations at ConstructConnect of

issues regarding the mismanagement of the Insight application. (*Id.* at ¶ 17.) Specifically, Plaintiff recommended moving the application away from the current Manage Service Provider to a different server; he was asked to develop a plan for this switch. (*Id.* at ¶¶ 17-18.) Plaintiff developed this plan, hoping to avoid a ransomware attack, and pitched his plan to management, who did not immediately implement the plan. (*Id.* at ¶¶ 19, 22.) Then, in July 2023, a ransomware attack occurred, and Plaintiff was tasked with rectifying the situation through setting up a Google Cloud disaster recovery site. (*Id.* at ¶¶ 24.) In January 2024, ConstructConnect removed Plaintiff's position from its posted organizational chart. (*Id.* at ¶ 33.) The following month, Plaintiff completed training his team members and setting up the Google Cloud disaster recovery site. (*Id.* at ¶ 34.) A month later, in March 2024, Plaintiff's position was eliminated, and he was terminated. (*Id.* at ¶ 35.) Plaintiff's job duties were transferred to another employee who was then designated Director of Operations. (*Id.* at ¶ 37.) After he left, Plaintiff was made aware that ConstructConnect implemented his original server transfer plan. (*Id.*)

After his termination, Plaintiff filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC"). (Am. Compl., Doc. 12, ¶ 8.) Plaintiff then received right to sue letters on January 16, 2025, and March 25, 2025, respectively. (*Id.* at ¶¶ 9-10.)

## PROCEDURAL POSTURE

Plaintiff filed his Complaint on April 10, 2025, against Defendants Roper, ConstructConnect, Douglas Dockery, and Various John and Jane Does. (Compl., Doc. 1.) Defendants Roper, ConstructConnect, and Douglas Dockery (collectively, "Defendants")

moved to dismiss Plaintiff's entire Complaint for failure to state a claim upon which relief can be granted. (Motion, Doc. 5.) Plaintiff then filed a Motion for Leave to File First Amended Complaint (Doc. 11), which Defendants did not oppose. The Court granted Plaintiff's Motion (Doc. 11) and denied Defendants' Motion to Dismiss as moot. (*See* 7/24/2025 Notation Order.) Plaintiff's Amended Complaint brings claims of: (1) retaliation; (2) intentional infliction of emotional distress; (3) wrongful discharge; and (4) age discrimination in violation of Ohio Revised Code § 4112.14(A). (Am. Compl., Doc. 12.) Defendants then filed their Motion for Judgment on the Pleadings (Doc. 15) as to Plaintiff's Amended Complaint (Doc. 12). The Motion has been fully briefed. (Docs. 16, 17.)

## LAW AND ANALYSIS

When considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), courts follow the same standard as they would for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 480 (6th Cir. 2020). In doing so, courts must "accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

However, the fundamental question of subject matter jurisdiction must precede any analysis of the merits on this matter. As federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute," they "have an independent obligation to determine whether subject-matter jurisdiction

3

exists." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3). Accordingly, the Court begins its analysis by examining whether it has subject matter jurisdiction over this case.

In his Amended Complaint, Plaintiff states that this Court has jurisdiction "under 28 U.S.C. § 1332 as there is complete diversity of citizenship and the amount in controversy exceeds $75,000." (Am. Compl., Doc. 12, ¶ 6.) Diversity of citizenship exists when no plaintiff and no defendant are citizens of the same state. *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). For diversity purposes, a corporation is a citizen "of any state by which it has been incorporated and of the state where it has its principal place of business." 28 U.S.C. § 1332(c). To that end, Plaintiff asserts that he is a resident of Ohio, Defendant Roper is a Delaware corporation with its principal place of business in Florida, Defendant ConstructConnect is a Delaware corporation wholly owned by Defendant Roper, and Defendant Dockery is a resident of Florida. (*Id.* at ¶¶ 2-3.) Notably, Plaintiff fails to assert in which state ConstructConnect has its principal place of business. In their Reply, though, Defendants point out that ConstructConnect's principal place of business is, in fact, in Ohio. (Reply, Doc. 17, Pg. ID 181). Thus, Defendants contend that complete diversity does not exist here. (*Id.*)

The Court agrees. As Defendants point out, Plaintiff, as the party asserting diversity jurisdiction, "holds the burden of persuasion on this issue." (Reply, Doc. 17, Pg. ID 182 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)).) But, by failing to address ConstructConnect's principal place of business, Plaintiff has not met his burden. (*Id.*) As a matter of fact, Defendants have provided evidence of ConstructConnect's principal

place of business in the form of Secretary of State filings; as Defendants note, courts in this district have taken judicial notice of such filings to determine corporate citizenship. (*Id.* at Pg. ID 180; *see* State of Georgia Filing, Reply Exhibit, Doc. 17-1, Pg. ID 185; *see also Tate v. Eyemed Vision Care, LLC,* No. 1:21-CV-36, 2025 WL 2119389, at *3, n.6 (S.D. Ohio July 29, 2025).) Indeed, the filings state that ConstructConnect's "principal office address" is in Cincinnati, Ohio. (State of Georgia Filing, Reply Exhibit, Doc. 17-1, Pg. ID 185.) Taken together with Defendants' assertion that ConstructConnect is headquartered in Ohio, and Plaintiff's failure to address entirely ConstructConnect's principal place of business, the Court finds that Plaintiff has not alleged complete diversity of the parties.

Nor does this Court have federal question jurisdiction over this case. Generally, federal question jurisdiction exists when "a federal question is presented on the face of the plaintiff's properly pleaded complaint," known as the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392-93 (1987). As Plaintiff repeats in his Response, though, he brought this case into federal court "based solely on diversity jurisdiction." (Response, Doc. 16, Pg. ID 169-70.) He further states, "[f]ederal courts have subject-matter jurisdiction under § 1332, even if claims are based solely on state law." (*Id.* at Pg. ID 170.) The Complaint similarly makes no mention of federal statutes and does not otherwise plead a specific federal claim. Plaintiff is the "master of his complaint," *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 515 (6th Cir. 2003), and based on the statements in his Response, it is clear that Plaintiff brings only state-law claims. (*See* Am. Compl., Doc. 12; Response, Doc. 16, Pg. ID 169-70.) While Defendants' arguments regarding Plaintiff's retaliation claim cite both Title VII and Ohio Revised Code § 4112 as grounds for his

claim, they note that "Plaintiff fails to identify the law [under which] he proceeds." (Motion, Doc. 15, Pg. ID 151, n.1.) Plaintiff does not clarify this question in his Response, where he simply states that violations of Title VII and Ohio Revised Code § 4112 are analyzed under the same standard in federal court. (Response, Doc. 16, Pg. ID 164.) In fact, he cites a number of state court cases, underscoring an intent to bring a state-law claim. (*See* Response, Doc. 16, Pg. ID 164-65.) Considering the Amended Complaint's allegations within this context, the Court does not find that the Amended Complaint presents any federal questions on its face.

To be sure, there are rare cases when a federal court has jurisdiction over state-law claims, absent diversity. The complete preemption doctrine accomplishes this when "the preemptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393. Such is the case in the context of the federal workplace, where Title VII is the "only recourse for discrimination" and "preempts Ohio's analogous discrimination statutes." *Roller v. Brennan*, No. 2:17-CV-241, 2018 WL 44505834, at *6 (S.D. Ohio Sept. 17, 2018). But, as Defendant is not a federal employer, the Court finds no such preemption exists here. Thus, these claims lack federal question jurisdiction.

Accordingly, the Court has sua sponte examined Plaintiff's Amended Complaint and finds that it lacks subject-matter jurisdiction over the claims therein. The Court's analysis must stop here.

6

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. Plaintiff's Amended Complaint (Doc. 12) is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction;

2. Defendants' Motion for Judgment on the Pleadings (Doc. 15) is **DENIED AS MOOT**; and

3. This case is hereby **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND